**Electronically Filed
Intermediate Court of Appeals
30196
13-APR-2011
09:19 AM**

NO. 30196

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WENDELL HARRISON JENKINS, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0025; CR. NO. 96-0127)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Petitioner-Appellant Wendell Harrison Jenkins ("Jenkins") appeals from the Order Denying Motion to Amend Rule 40 Petition ("Order Denying Motion to Amend"), filed on October 29, 2009, in the Circuit Court of the First Circuit ("Circuit Court").[1] In the Order Denying Motion to Amend, the Circuit Court denied Jenkins' Motion to Amend Rule 40 Petition for Post-Conviction Relief ("Motion to Amend"), filed on September 14, 2009, on the basis that Jenkins failed to cite to any authority that would allow him to amend his Rule 40 Petition after judgment was entered "and after the deadline to appeal has passed." On November 24, 2009, Jenkins filed a timely notice of appeal.

On appeal, Jenkins argues that the Circuit Court erroneously denied his Motion to Amend where, at trial, the court erroneously instructed the jury that "a knife is a dangerous instrument," with regard to the Robbery I count, and failed to instruct the jury regarding the possible merger of the Robbery I and Kidnapping counts. He also argues that because his trial

---

[1] The Honorable Dexter D. Del Rosario presided.

counsel did not object to the court's instructions, he was denied effective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and issues raised by the parties, we resolve Jenkins' points of error as follows:

On January 23, 1996, the State of Hawai'i ("State") charged Jenkins with one count of Robbery in the First Degree ("Robbery I") in violation of Hawaii Revised Statutes ("HRS") § 708-840(1)(b)(i) (1993); one count of Kidnapping in violation of HRS § 707-720(1)(c) (1993); and one count of Burglary in the first Degree ("Burglary I") in violation of HRS § 708-810(1)(a) (1993). On June 18, 1998, after a jury trial, the court issued its Judgment, reflecting Jenkins' conviction on all three counts and sentencing him to terms of imprisonment on each count, with mandatory minimum terms because he was a repeat offender.[2]

On June 13, 2008, almost seven years after his re-sentencing, Jenkins filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Rule 40 Petition"). The Rule 40 Petition alleged:

(1) ineffective assistance of trial counsel (as evidenced by a private informal admonition issued by the Office of Disciplinary Counsel to Jenkins' trial counsel, which notes counsel's admission that Jenkins may have a basis for claiming ineffective assistance of counsel for failure to file a timely appeal);

(2) ineffective assistance of trial counsel (refusing to submit an appeal as requested by Jenkins);

(3) ineffective assistance of appellate counsel (failure to raise ineffective assistance of trial counsel on appeal); and

(4) ineffective assistance of trial and appellate counsel (failing to challenge (unspecified) illegal convictions and sentence).

---

[2] The Honorable Sandra A. Simms presided. Jenkins appealed from the Judgment. On January 18, 2001, the Hawai'i Supreme Court issued a memorandum opinion affirming Jenkins' conviction, but remanding the case on the basis that the court's sentence was improper. On June 14, 2001, the Circuit Court resentenced Jenkins to twenty years of incarceration on each of the Robbery I and Kidnapping counts and ten years of incarceration on the Burglary I count, all terms to be served concurrently, and with no mandatory minimum terms.

On October 10, 2008, the Circuit Court filed its Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Order Denying Rule 40 Petition"). The Circuit Court concluded that the claims were previously ruled upon or were waived. In addition, the Circuit Court found that "the claims [were] patently frivolous and without a trace of support either in the record or from other evidence submitted by the petitioner and[,] therefore, [petitioner] has failed to state a claim upon which relief may be granted."

Nearly a year later, on September 14, 2009, Jenkins filed the instant Motion to Amend. The Motion to Amend states three bases for relief, each of which is labeled as "Denial of Effective Assistance of Counsel." The specific claims raised in the Motion to Amend, however, are more specific and notably different than the claims raised in the Rule 40 Petition:

(1)    denial of effective assistance of counsel (counsel's failure to object to the jury instruction that "a knife is a dangerous instrument" because there was no tangible evidence presented of a knife);

(2)    denial of effective assistance of counsel (counsel failed to request a jury instruction on the merger of the kidnapping and robbery charges; State v. Hoey, 77 Hawai'i 17, 27 n.9, 881 P.2d 504, 514 n.9 (1994));

(3)    denial of effective assistance of counsel (appellate counsel failed to raise ineffective assistance of trial counsel, and "failed to perfect appeal as requested by Defendant."

We exercise jurisdiction over the Order Denying Motion to Amend because the order is an appealable post-judgment order under HRS § 641-11 from which an appeal was timely taken. Specifically, it resolved all of the issues therein, leaving nothing further to be accomplished.

Because the Order Denying Rule 40 Petition resolved all of the issues in the Rule 40 Petition and left nothing further to be accomplished, it was a final order. Consequently, and since it raises different issues than those raised in the Rule 40 Petition, we treat the Motion to Amend as a separate and non-conforming petition under Rule 40. Haw. R. Pen. P. 49(c)(2); see also Kaopua v. State, No. 28907, 2009 WL 192005, *1 (Haw. App.

3

Jan. 26, 2009).

Therefore,

IT IS HEREBY ORDERED that the Order Denying Motion to Amend Rule 40 Petition, filed on October 29, 2009, in the Circuit Court of the First Circuit is vacated and the case is remanded for the Circuit Court to address the Motion to Amend on its merits as a separate and non-conforming petition under Rule 40.

DATED:  Honolulu, Hawai'i, April 13, 2011.

On the briefs:

Wendell Harrison Jenkins
Pro Se Petitioner-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

4